United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10883
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STEVE HOWARD SMITH

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-276-ALL-A
---------------------

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Steve Howard Smith (Smith) appeals his guilty plea conviction and sentence for possession of stolen mail in violation of 18 U.S.C. § 1708.

Smith contends that the district court erred when it increased his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because the record does not support the district court's finding that he committed perjury on a material matter at the detention hearing.  The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found that Smith committed perjury at the detention hearing when he testified that he had not used marijuana after his pretrial release on January 28, 2004. The district court specifically found that Smith's false testimony was material; intentional; not by accident, mistake, or because of some misunderstanding; and an attempt to influence the court into ruling in his favor. These findings are plausible in light of the record as a whole and, thus, the district court did not clearly err in concluding that an enhancement for obstruction of justice was warranted. See United States v. Powers, 168 F.3d 741, 752 (5th Cir. 1999); United States v. Villanueva, ___ F.3d ___, No. 03-20812, 2005 WL 958221, *8 n.9 (5th Cir. Apr. 27, 2005) ("Post-[United States v. Booker, 125 S. Ct. 738 (2005)], we continue to apply the same standard of review to claims of erroneous fact-finding with respect to the application of adjustments, i.e., we review for clear error.").

Smith also contends that the district court's denial of a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 was without foundation because it was based on the district court's finding that Smith testified falsely at the detention hearing. As previously stated, the district court's finding that Smith committed perjury on a material matter at the detention hearing was plausible in light of the record as a whole. Further, Smith has failed to demonstrate that this is one of the extraordinary cases in which adjustments under both

U.S.S.G. §§ 3C1.1 and 3E1.1 apply.  See U.S.S.G. § 3E1.1, comment. (n.4); United States v. Thomas, 120 F.3d 564, 574-75 (5th Cir. 1997).  Therefore, the district court's determination that Smith was not entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 was not without foundation.  See United States v. Washington, 340 F.3d 222, 227 (5th Cir.), cert. denied, 540 U.S. 1081 (2003); see also United States v. Angeles-Mendoza, ___ F.3d ___, No. 04-50118, 2005 WL 950130, *6 (5th Cir. Apr. 26, 2005) (applying deferential standard of review to district court's denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 post-Booker).

Smith also contends that the district court improperly included third-party conduct in determining the amount of loss attributable to him without making the particularized findings required when a jointly undertaken criminal activity is involved.  However, contrary to Smith's contention, the district court did not include third-party conduct in determining the amount of loss attributable to him as relevant conduct.  Instead, Smith was held accountable for relevant conduct in which he was directly involved.  See U.S.S.G. § 1B1.3(a)(1)(A).  Therefore, the district court did not clearly err in determining the amount of loss attributable to Smith.

Finally, Smith contends that his sentence is unconstitutional in light of Booker.  Because Smith did not raise a Sixth Amendment objection in the district court, this court's

review is for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Although Smith's sentence was enhanced based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt, he has not demonstrated that this plain error affected his substantial rights.  Smith has failed to point to any evidence in the record indicating that the same sentence would not have been imposed had the district court known that the Sentencing Guidelines were advisory.  The record itself gives no indication that the district court would have reached a different result under an advisory guidelines scheme.  The district court found that a sentence in the middle of the guideline range was appropriate.  Given the lack of evidence indicating that the district court would have reached a different conclusion, Smith has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error.  See Mares, 402 F.3d at 520-22.

Accordingly, the district court's judgment is AFFIRMED.